IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANEAN PESANTE,

    Plaintiff,                                          06cv1431
                                                    **Electronically Filed**

    v.

BOMBARDIER TRANSPORTATION,

    Defendant.

**Memorandum Order Denying Motion to Dismiss**

    Defendant Bombardier Transportation has filed a motion to dismiss Count III of plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6), alleging that plaintiff failed to exhaust his administrative remedies with regard to the ADA claim set forth in Count III.

    As plaintiff's counsel must have observed in previous opinions of this Court, this Court generally applies the following well-worn standards of review of a Rule 12(b)(6) motion to dismiss. In deciding a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences therefrom in favor of the plaintiff. *Armstrong Surgical Center, Inc. v. Armstrong County Memorial Hospital*, 185 F.3d 154, 155 (3d Cir. 1999). A claim should not be dismissed for failure to state a claim unless it appears beyond a doubt that the non-moving party can prove no set of facts in support of its allegations which would entitle it to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Marshall-Silver Construction Co. v. Mendel*, 894 F.2d 593, 595 (3d Cir. 1990).

    In making this determination, the court must construe the pleading in the light most favorable to the non-moving party. *Budinsky v. Pennsylvania Dept. of Environmental Resources*,

819 F.2d 418, 421 (3d Cir. 1987).  Further, the Federal Rules of Civil Procedure require notice pleading, not fact pleading, so to withstand a Rule 12(b)(6) motion, the plaintiff "need only make out a claim upon which relief can be granted.  If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules." *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004).

Before a plaintiff may file suit in federal court under Title VII, the ADA or the PHRA, administrative remedies must certainly be exhausted by filing a charge with the appropriate state and/or federal agencies.  *Trevino-Barton v. Pittsburgh Nat'l Bank*, 919 F.2d 874, 878-79 (3d Cir. 1990); *Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir. 1984).  The limits of the district court action is "defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the [filed] charge of discrimination . . . ." *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398-99 (3d Cir. 1976) (citations omitted).

When a particular claim was not specifically presented to the EEOC, the test for whether that claim can be raised in district court is "whether the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom."  *Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir. 1996), *citing Waiters*, 729 F.2d at 237; *see also Robinson v. Dalton*, 107 F.3d 1018, 1023-26 (3d Cir. 1997) (discussing circumstances in which events subsequent to a filed complaint may be considered as fairly encompassed within that complaint).

Viewed in light of the forgoing liberal pleading standards, this Court simply cannot say, at this early stage of the proceedings, that plaintiff will be able to state no set of facts in support of his ADA claim at Count III.  Because the exhaustion determination is often fact driven, and

because plaintiff avers enough facts in his complaint to suggest that his actual claims filed with the EEOC might have triggered a broader investigation that might reasonably have led to discovery of his ADA claims, the exhaustion challenge to Count III is premature.

**AND NOW, this 21st day of February, 2007,** after due consideration of defendant's motion to dismiss Count II of the complaint, plaintiff's response thereto, and the memoranda of law in support and in opposition thereto,

**IT IS HEREBY ORDERED** that said motion to dismiss (Document No.6) **IS DENIED** without prejudice to defendant's raising the issues set forth therein in a motion for summary judgment at the appropriate time following discovery.

**IT IS SO ORDERED**

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All counsel of record